NOT FOR PUBLICATION                                                          CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NUNEZ, | : | |
| Plaintiff, | : | Civil Case No. 06-5519 (FSH) |
| v. | : | **ORDER and OPINION** |
| PACHMAN, et al., | : | Date: July 30, 2008 |
| Defendants. | : | |

**HOCHBERG, District Judge**

This matter comes before the Court upon Defendant Martin R. Pachman's (DKT#38) and Defendants City of Union City and Mayor Brian P. Stack's (DKT#39) motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). The Court has jurisdiction over Plaintiff's § 1983 claim pursuant to 28 U.S.C. § 1331, and over his state law claims pursuant to 28 U.S.C. § 1367(a). The Court has considered the parties' arguments on the papers pursuant to Federal Rule of Civil Procedure 78.

## I. FACTS

In early 2005, Plaintiff Francisco Nunez, an employee of the City of Union City, filed a grievance against the City of Union City, alleging improper denial of a vacation request. Pursuant to Nunez's employee contract, Nunez chose to have the dispute arbitrated. Defendant Martin R. Pachman, an independent attorney retained through a professional services agreement as special labor counsel for the City of Union City, defended the City against Nunez's grievance claim. Pachman had previously represented the City of Union City in various labor matters.

In preparing for the arbitration, Pachman conducted a series of interviews with various

Union City employees. In the course of these interviews, Pachman learned that Plaintiff Nunez had plead guilty to a "gun offense" several years prior. The offense was a crime of the third degree. Pachman claims that because he "was aware that conviction of a crime of the third degree called for automatic mandatory forfeiture of public employment", he attempted to verify Plaintiff's criminal history under the theory that "if Plaintiff was not properly employed by the City[,] the pending grievance would be moot." Pachman Cert. ¶ 7. Pachman obtained Plaintiff's criminal records from the City of Union City Police Department. Pachman Cert, ¶¶ 8-11.

During the course of the arbitration Nunez's Union-appointed attorney conducted a direct examination of Nunez. The direct examination focused on Nunez's character, community involvement, and other positive personal attributes. Pachman then cross-examined Plaintiff, and questioned him about the weapons conviction in an attempt to impeach Plaintiff's credibility.

Plaintiff filed a claim in this Court on November 17, 2006 alleging that the disclosure of his prior weapons conviction – which he alleges was expunged prior to the arbitration – violated his constitutional right to privacy under the United States and New Jersey Constitutions. Plaintiff brings claims under 42 U.S.C. § 1983 and N.J. STAT. ANN. 2C:52-30, New Jersey's prohibition on disclosing an information protected by an expungement order. Compl. ¶¶ 5-8.

II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Accordingly, "summary judgment may be granted only if there exists no genuine issue of material fact." Miller v. Indiana Hosp., 843 F.2d 139, 143 (3d Cir. 1988).  A fact is material if it might affect the outcome of the case, and an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.  All facts and inferences must be construed "in the light most favorable to the non-moving party." Peters v. Delaware River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).

The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).  Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." Anderson, 477 U.S. at 249-50.

### III. DISCUSSION

*A. Section 1983*

In order to sustain his Section 1983 claim, "the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States." Williams v. Marino, No. 08-792, 2008 WL 2247090, 4 (M.D. Pa. May 30, 2008) (citing Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir.1993)).  The thrust of

3

Plaintiff's complaint is that Pachman violated Plaintiff's constitutional right to privacy as articulated in Griswold v. Connecticut, 381 U.S. 479 (1965), when he revealed Plaintiff's criminal record during the arbitration.  See Compl. ¶ 6; DKT#45 at 2.

The parties dispute whether Plaintiff's prior criminal record had been expunged at the time of the arbitration.[1]  Nevertheless, even assuming that the record had been expunged, Plaintiff has no privacy interest in an expunged criminal record.  In Puricelli v. Borough of Morrisville the court considered whether there is a privacy interest in an arrest record that has been expunged.  820 F. Supp. 908, 913 (E.D. Pa. 1993), aff'd, 26 F.3d 123 (1994), cert. denied, 513 U.S. 930 (1994).  The court noted that expungement of a prior criminal record

> does not warrant [a] finding that [Plaintiff] has a constitutionally protected right of privacy in these records. Even where an arrest record has been expunged, it still remains on court records and in police blotters, and, it never truly is removed from the public record, thus it is not entitled to privacy protection.

Id. at 917-18.  The Third Circuit has also held that an arrest record, even one that is expunged, warrants no privacy protection under the Constitution.  See Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia, 812 F.2d 105, 117 (3d Cir. 1987) ("Arrests are public by their very nature. . . [and] these [expungement] provisions cannot be viewed as removing arrest information from the public record since it remains on police blotters and court dockets.").  The several Circuit Courts of Appeals that have considered analogous questions have used the same logic and reached similar conclusions.  See Eagle v. Morgan, 88 F.3d 620, 625 -626 (8th Cir. 1996) ("Far from being 'inherently private,' the details of Eagle's prior guilty plea are by their very nature

---

[1] The parties do not dispute that the expungement order was entered by the Honorable Francis Shultz, J.S.C. on March 13, 2003.  The parties dispute whether the expungement order was served on the Union City Police Department prior to the arbitration.

matters within the public domain. Accordingly, we decide without hesitation that Eagle has no legitimate expectation of privacy in this material. . . . We are unpersuaded by Eagle's contention that this result should somehow be different because his criminal record was ultimately expunged."); Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995) ("An expungement order does not privatize criminal activity. While it removes a particular arrest and/or conviction from an individual's criminal record, the underlying object of expungement remains public. Court records and police blotters permanently document the expunged incident, and those officials integrally involved retain knowledge of the event. An expunged arrest and/or conviction is never truly removed from the public record and thus is not entitled to privacy protection."); White v. Thomas, 660 F.2d 680, 686 (5th Cir. 1981) ("Any rights that might have grown out of an expungement order lack these qualities, and are not, therefore, privacy rights entitled to constitutional protection."); Creel v. City of Cleveland, TN, No. 07-0061, 2008 WL 2169507, 3 (E.D. Tenn. May 22, 2008) (same and collecting cases).

It is well-settled that Plaintiff has no federal right to privacy in his criminal record, even if it was expunged before it was revealed in the course of the arbitration. For that reason, Plaintiff's § 1983 fails because he cannot demonstrate "that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States."[2] Williams, 2008 WL 2247090 at 4.

---

[2] For the first time in his opposition brief, Plaintiff makes a First Amendment argument. See Opp. at 11. Plaintiff asks the Court to construe the following sentence as a First Amendment claim: "Plaintiff has been harassed and discriminated against by Mr. Stack because Plaintiff did not and do [sic] not support Mr. Stack's political campaigns." Compl. ¶ 5. Plaintiff's Complaint does not allege a violation of his First Amendment right to free speech. Nor did Plaintiff timely amend his complaint to allege a First Amendment violation. Discovery has already been completed and dispositive motions are before the Court. It is clear from the

*B. Remaining State Claims*

Plaintiff's § 1983 claim alleging a violation of his constitutionally protected right to privacy is the sole federal claim pleaded in his Complaint.  Pursuant to 28 U.S.C. § 1367(c)(3), the "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction".  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, all of which arise under New Jersey state law.  The remaining claims may be pursued in the state courts of New Jersey.

IV. ORDER

**ACCORDINGLY** it is this 30th day of July, 2008, hereby

**ORDERED** that Defendants' motions for summary judgment (DKT#s38, 39) on Plaintiff's § 1983 claim is **GRANTED**; and it is further

**ORDERED** that Plaintiff's remaining state law claims are **DISMISSED** without prejudice; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**

---

Complaint that the only constitutional violation alleged in Plaintiff's complaint arises from Defendant Pachman's revelation of Plaintiff's weapons conviction and is based on Plaintiff's constitutional right to privacy.  See Compl. ¶¶ 6 ("On or about November 22, 2004 . . . Defendants disclosed Plaintiff's records . . . and violated plaintiffs [sic] constitutional rights to privacy under both the federal and state of New Jersey Constitution."), 7 ("At all moments Defendant[s] . . . should had [sic] known or that [sic] this disclosure was a criminal act that violated the federal and state constitutional rights of the plaintiff and they intentionally and/or recklessly violated the said [sic] privacy [of Plaintiff]. . . .").

6